UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHALE DUKE REEVES,

                 Petitioner,

-against-

ICE; FOUR-UNKNOWN AGENTS,

                 Respondents.

1:18-CV-7195 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Petitioner filed this *habeas corpus* action *pro se*. In an order dated and entered on October 11, 2018, this Court ordered the Clerk of Court to transfer this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey, the jurisdiction where Petitioner was being held in the Bergen County Jail (a *habeas* court must have jurisdiction over the petitioner's custodian). The Clerk of Court mailed a copy of that order to Petitioner on October 11, 2018, and the District of New Jersey acknowledged receipt of this action on October 18, 2018. On April 12, 2019, the District of New Jersey denied the relevant *habeas corpus* petition without prejudice. *Reeves v. Green*, 2:18-CV-15063 (D.N.J. Apr. 12, 2019), *appeal pending*, No. 19-2020 (3d Cir.). On April 24, 2019, this Court received a letter from Petitioner in which he challenges this Court's transfer of this action, seeks "reinstatement" of this action in this Court, and states that "[v]enue for this argument is appropriate in the Second Circuit." (ECF 8.) For the reasons discussed below, this Court denies Petitioner's request.

      Generally, the transfer of an action divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that the district court did not have jurisdiction to rule on a motion following physical transfer of the action); *Lothian Cassidy, LLC, v. Lothian Exploration & Dev. II, L.P.*, 89 F. Supp. 3d 599, 600-01 (S.D.N.Y. 2015). The transferor court only retains jurisdiction over the action if the party seeking review of the transfer

makes a request for review "prior to receipt of the action's papers by the clerk of the transferee court . . . ." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see Emblaze Ltd. v. Apple Inc.*, No. 10-CV-5713 (PKC), 2011 WL 2419802, at *1 (S.D.N.Y. June 3, 2011) (quoting *Warrick*, 70 F.3d at 739). Accordingly, "a party opposing the transfer of a case must preserve his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect." *Williams v. United States*, Nos. 09-CV-2179, 00-CR-1008 (NRB), 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 2015) (citing *Warrick*, 70 F.3d at 739), *appeal dismissed*, Nos. 13-1095 (L), 15-2791 (Con) (2d Cir. Mar. 16, 2016). The Second Circuit has recognized an exception to this rule in circumstances in which an action is "hastily" transferred to a district court outside of the Circuit because such a transfer deprives a litigant of the opportunity to seek *mandamus* relief from the Court of Appeals for the Circuit of the transferor court. *See Warrick*, 70 F.3d at 739-40.

In this case, this Court never had jurisdiction to order the relief Petitioner originally requested in his petition: an order to his custodian regarding his detention.

The Court must deny Petitioner's present request because the Court also lacks jurisdiction to consider it. On October 18, 2018 – seven days after the Court ordered the Clerk of Court to transfer this action – the Clerk electronically transferred this action to the District of New Jersey and that court acknowledged receipt.[1] Petitioner was apparently held in immigration detention when he filed his present request; the present request is dated April 17, 2019, and the envelope which contained it was postmarked the next day. Thus, he filed his present request well after the

---

[1] Under Local Civil Rule 83.1 of this Court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

2

District of New Jersey received this action, and within two weeks after that court had denied the *habeas corpus* petition without prejudice.

Because Petitioner filed his present request in this Court after the District of New Jersey received this action, and this Court would, in any event, have no jurisdiction to direct an order to a custodian in New Jersey,[2] this Court lacks jurisdiction to consider his present request, and therefore denies it.

## CONCLUSION

The Court denies Petitioner's request to reinstate this transferred action. (ECF 8.) The Clerk of Court is directed to mail a copy of this order to Petitioner at his address of record and at the following address: 2128 Glebe Avenue, Apt. 2, Bronx, New York 10462. The Clerk of Court must note service on the docket.

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: January 8, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[2] This Court is informed that Petitioner is presently out of custody and residing in the Bronx.